# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No. 22-mj-03027-WJE** |
| **BRYAN C. PERRY**, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION
## AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)

Comes now the United States of America, by Teresa A. Moore, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain the defendant pending trial of this matter and to hold a detention hearing pursuant to 18 U.S.C. §§ 3142(e)(1), (3), 3142(f)(1)(A), (E), and 3142(f)(2)(A) and (B).

## SUPPORTING SUGGESTIONS

1. Title 18, United States Code, Section 3142(f)(1)(A) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person and the community if the attorney for the Government moves for such a hearing and if the case is one that involves a crime of violence. Subsection (f)(1)(E) provides that a hearing must be held under the same conditions if the case is one that involves any felony that is not otherwise a crime of violence that involves the use of a firearm.

2. Upon motion of the attorney for the Government or by motion of a judicial officer, 18 U.S.C. § 3142(f)(2)(A) and (B) also require a detention hearing in a case that involves a serious

risk that the defendant will flee or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness.

3. Pursuant to 18 U.S.C. § 3142(e)(3), a court shall presume that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds there is probable cause that the person committed . . . (B) an offense under section 924(c) [or] 956(a) . . of this title".

4. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the United States Code exists in the above cause, to wit: this defendant is currently facing charges of transmitting in interstate commerce a threat to injure a person, in violation of 18 U.S.C. § 875(c); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and assaulting an agent with the Federal Bureau of Investigation ("FBI") with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). The facts supporting the charge include the defendant making several communications through social media and through a telephone call threatening violence towards migrants and law enforcement through the use of a firearm. *See* 18 U.S.C. § 3142(f)(1)(E). When the FBI executed a search warrant on a residence that the defendant was residing at, the defendant, a convicted felon, used a firearm to shoot at the FBI agents, firing approximately 10 rounds at an FBI vehicle that contained FBI agents. *See* 18 U.S.C. § 3142(f)(1)(A) & (E). Further, given the nature of the charges and the defendant's disdain for and assault on law enforcement, there is a serious risk that the defendant will flee and threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness. *See* 18 U.S.C. § 3142(f)(2)(A) and (B). The defendant's release will present a continued substantial risk to the community.

5. Moreover, the factors outlined in 18 U.S.C. § 3142(g) - the nature and circumstances of the charged offenses, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release - each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

6. The Government is aware of the following, which supports its motion for detention in light of the factors listed above:

   a. In relation to the nature and circumstances of the offenses charged, the defendant is charged by complaint with making a threat through an interstate communication to injure a person, in violation of 18 U.S.C. § 875(c); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and assaulting an FBI agent with a deadly weapon, in violation of 18 U.S.C. § 111(a)(1) and (b).

   b. Regarding the history and characteristics of the defendant, he was convicted of the felony of aggravated robbery in Montgomery County, Tennessee in 2005 and served approximately seven years in the Tennessee Department of Corrections.

   c. In relation to the weight of the evidence, the Government directs the Court to the affidavit in support of the Complaint, Doc. 1-2, and hereby further includes the following facts:

      i. After the defendant initially acted as though he was going to surrender to law enforcement after shooting at the FBI agents during their attempt to execute the search warrant on the residence he was residing at, the defendant quickly pivoted and attempted to flee back into the residence before he was apprehended.

      ii. The defendant admitted to shooting at the FBI agents during their attempt to execute the search warrant.

      iii. After law enforcement discovered firearms, including a rifle, in the bedroom that the defendant was staying in, the defendant admitted that the rifle was his firearm.

      iv. A witness in the residence at the time of the defendant's assault on FBI agents stated that, before the shots occurred, the defendant asked the occupants of the residence if he (the defendant) should shoot the FBI agents.

7. The defendant's conduct in this case exhibits that he has a complete disregard for law enforcement and the safety and security of the community. Indeed, in his social media communications and conversations with others leading up to the execution of the search warrant, he envisioned this very scenario: committing unlawful conduct, being confronted by law enforcement, and then attempting to kill law enforcement so that he could continue his criminal activity. Here, he specifically threatened to injure migrants and law enforcement in his communications. When law enforcement attempted to execute a search warrant, the defendant fired ten rounds of ammunition at FBI agents, several of which hit an FBI vehicle. At the time of the defendant's assault, he knew that he was shooting at FBI agents. The defendant then attempted to flee after acting as though he was going to surrender to the FBI after the shooting. The defendant is a continuing danger to the community in general and a serious risk of flight.

8. The defendant's violent conduct also exhibits that he is a risk to threaten and intimidate prospective witnesses in this case.

9. Additionally, given the defendant's use of a firearm to assault FBI agents, this Court should find that probable cause exists that the defendant violated 18 U.S.C. § 924(c). Further, the defendant's communications that he would shoot anyone who comes across the border should also cause this Court to find that probable cause exists that the defendant violated 18 U.S.C. § 956(a). *See* Doc. 1-2. Each of these findings then leads to the presumption that no conditions exist that would reasonably assure the defendant's appearance and the safety of the community.

10. Based upon the foregoing, the United States submits that there is clear and convincing evidence that there are no conditions the Court could impose that would reasonably assure the safety of the community if he were released, and a preponderance of the evidence exists that no

condition or combination of conditions imposed on the defendant would reasonably assure the defendant's appearance if he were released. Furthermore, the defendant cannot rebut the presumption that no conditions exist that would reasonably assure his appearance and the safety of the community.

**WHEREFORE**, the United States requests a pretrial detention hearing and that the defendant be detained pending trial.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    */s/ Casey Clark*
Casey Clark
Assistant United States Attorney
Mo. Bar No. 57968
901 St. Louis Street
500 Hammons Tower
Springfield, Missouri 65806
Telephone: (417) 831-4406

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Casey Clark*
Casey Clark
Assistant United States Attorney