UNITED STATES DISTRICT COURT FOR THE
WESTERN COURT OF MISSOURI
CENTRAL DIVISION

UNITED STATES OF AMERICA

Plaintiff,

)
)  Case No 22-4065-CR-CSRSRB
v.                                          )
(01) BRYAN C. PERRY            )
                                                 )
(02) JONATHAN O'DELL          )
                                                 )
Defendants.

## MOTION FOR MISTRAIL AND INEFFECTIVE COUNSEL

This motion for Mistrial is brought about by BRYAN C. PERRY who was represented by a court appointed attorney T.J. KIRSCH, proceeded in error of the defendants constitutional rights defendant BRYAN C. PERRY ask the court appointed attorney to file motions on behalf of himself to the 8th district court for motions to suppress evidence and contribute to the evidence on behalf of the defense factual defense for which T.J. KIRSCH did not follow -through on as part of his defendants' rights under the fourteenth amendment due process of law clause whereas, BRYAN C. PERRY and JONATHAN O'DELL having singular codefendant representation in attendance in the case of the UNITED STATES OF AMERICA, vs. BRYAN C. PERRY and the co-defendant JONATHAN O'DEL; sites failures to carry out legal representation to the best of an attorneys legal responsibility under the acceptable fourteenth amendment MR. T.J KICSH was also asked to file a motion in the procession of trail T.J. KIRSH ATTORNEY for the defendant was requested to get expert testimony which would of help with the defendant's case but was denied expert witness testimony. I, BRYAN C. PERRY do believe T.J. KISCH did not represent me to the full capability of his credentials

(a) As an attorney for the state of Missouri where he continued to aggressively cross examine witnesses at the defendant BRYAN C. PERRY's request by the term (a) right to be heard encounter(s) prior to finality in a non-objective environment of peer's, in a state where the afore defendant did not have legal residence; In addition to the Motion for Ineffective counsel I submit humbly that a Mistrial must be granted, where evidence between client and attorney privileges Rule 1.6 stating that (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph No such consent was given but yet the prosecuting attorney in closing arguments made reference of such communication between myself and legal counsel of my defense as mentioned by the use of tampons being used to pack wounds after injury such as bullet wounds, leading myself BRYAN ,C. PERRY to believe the defendants attorney worked in conjunction with the prosecuting attorney as co- conspirators to arbitrarily undermine the defense allegedly discovered as part of the closing argument by the prosecutor for the UNITED STATES OF AMERICA representative(s) opening, and closing arguments.

(b) MOTION FOR MISTRAIL

I. the jurors, were not sequestered, but allowed to leave the premises daily and were able to speak to anyone outside of the courts hearing or jurisdiction at the end of each session not remaining objective whereas, if the jury was sequestrated they would have been void of accidental or deliberate tainting exposing them to outside influence or

information that is not admissible in court but prejudicial in regards. Jurors were not housed in a hotel but were permitted to return home at the end of the day potentially being subjected to those outside influences such as i.e...., allowed to read the newspaper, watch television, or access the internet, and may have had contact with others, or even each other. Under principle 1 the right of the jury was not preserved on behalf of the defendant BRYAN C. PERRY in the interest of justice, which did not prevail for a fair and impartial jury in a criminal case. It was reported that Jurors, spoke to unknown witnesses in this criminal case which could have tainted the defendants right to a fair, and impartial jury.

Pennoyer v. Neff, 1877 further legal parameters were impartial of the defendants legal process, in the nonresident state before challenging the issuing court's exercise of personal jurisdiction over the nonresident BRYAN C. PERRY who in fact was a non- resident of the state of Missouri who had only been in Missouri three weeks prior to his detainment, not even at the acceptable 30 day period to be considered a resident of Missouri according to Missouri residential governing body of legislature he neither had taxable income or address for such residence for which arresting agents formulated by the local governing agencies namely the FBI and local law enforcement agencies without properly wearing body recording devices whereas, those devises under executive order states transparency and accountability under federal Rule: H.R. 1163 Deadly force was instituted without administrative approval: 10 CFR § 1047.7 - Use of deadly force. Which the prospective defendants did not open fire on Federal agents' regulations stated that all federal law enforcement agents shall wear a body camera in the commission of their duties no such evidence was entered into the line redirect questioning to be corrected. FBI did use measures of the demonstration of excessive force to silence defendants with excessive force

riddling the premises with flash bangs and military grade enforcement ammino, when no crime but tic- toc video was the only source of circumstantial but not sustained evidence. Executive Order 14074 of May 25, 2022. BRYAN C. PERRY and co- defendant JOHNATHAN O'DELL were arrested October 7th, 2022.

II. FBI did not address residents or announce their presence, but stormed the residence located in WARSAW MO. In an open show of federal force. The defendants counsel did not argue the manner in either cross examination of the stature of law.

III. Set forth by the defense counsel to wit. As part of the accepted legal requirements or obligatory rules of conduct; practices and beliefs that are so vital and intrinsic that went beyond constitutional limits on personal jurisdiction attempt to address concerns about the unfairness of subjecting defendants to litigation in a distant or inconvenient forum. Where character or otherwise expert witnesses testimony was not presented on behalf of the defendant under ( FRCP 26) (a) (2) would not be ascertained in a timely manner denying defendants right to due process, under the fourteenth amendment upon request of the defendant in a trail process of cross examination of the federal prosecutor, with the alleged FBI Claiming attempted murder of agents evidence was given as testimony to the degree of attempted murder when inquired of his court appointed attorney to cross examine FBI agents during testimony of injuries allegedly sustained during the defendant's apprehension that did not present with facial bruising nor swollen discolored areas around the face meeting the qualifications specified as an expert witness could represent such as a Medical excimer within the county or state of such expertise in criminal manners , neither of which his counsel was willing to acquire such an expert witness to negate testimony presented by the federal

prosecutor line of questioning on behalf of the defendant without a legal warrant in hand, no line of questioning was presented in the defense.

Strickland. Washington, 466 U.S. 670 (1984) No. 82-1554 the respondent did not plead guilty to any charges rendered by the Federal prosecutor: BRYAN C. PERRY addresses the court for Ineffective counsel of fact statements pg. 466 U.S. 699 (a)

BRYAN C. PERRY makes the *claim*:

SUCH MOTIONS FOR A MISTRAIL IS ADDRESSED

I. a different outcome with the attorney T.J. KISCH court appointed attorney potentially failed to represent his client with acceptable defense. 1) while during trial the courts had found that two jurors, had spoken outside of the courtroom to two witnesses at diverse times of unknown persons who could not be listed at this time, but were part of the correction of the attending judge. Jurors were instructed before trail not to speak to anyone for any reason in addition to set forth rendering of a Mistrial in lien of jurors talking outside of the courtroom.

II. Two of the witnesses spoken too, two witness for the defense counsel outside of the court rooms on two occasions.

III. Based on these facts provided the jury potentially could have been tainted Rule 26. 3 *United States v. Dixon*, 913 F.2d 1305 (8th Cir. 1990); *United States v. Bates*, 917 F.2d 388 (9th Cir. 1990).

IV. case law stated will show the decadence of the courts on behalf of the prosecution own claim for the grounds of a mistrial, that the defense attorney did not adhere, to put forth a motion for mistrial, or other evident motions. The attorney was objectively deficient and

that there was a reasonable probability that a proficient attorney would have led to a different outcome.

Respectfully<br>
Bryan C. Perry #152166<br>
Cole County Jail<br>
Jefferson City, MO. 65102

Bryan C. Perry
Cole County Jail
P.O. Box 426
Jefferson City MO 65102

RECEIVED
2024 DEC 23 AM 11:52
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

NASHVILLE TN 370
16 DEC 2024 PM 5

Charles Evans Whittaker U.S. Court House
400 E. 9th Street
Kansas City, Missouri 64106

SCREENED BY
U.S. MARSHALS